IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV 16 PM 4:48

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | No. 90-20083(H)Ma |
| DARREN ARMSTRONG, | X | |
| Defendant. | X | |

ORDER DENYING MOTION PURSUANT TO 18 U.S.C. § 3582

On July 16, 2004, defendant Darren Armstrong, Bureau of Prisons inmate registration number 12374-076, an inmate at the Federal Prison Camp in Millington, Tennessee, filed a motion under 18 U.S.C. § 3582 in his closed criminal case.

On April 11, 1990, a grand jury issued an indictment charging defendant and numerous codefendants with conspiracy to distribute cocaine base (crack) and various substantive counts of possession of cocaine base with intent to distribute. Armstrong was also charged with three counts of using and carrying a firearm, in violation of 18 U.S.C. § 924(c). Between January 28 and February 26, 1991, a jury heard the evidence in the case, and on February 26 found defendant guilty of the conspiracy charge, the substantive possession counts and two of the firearms counts. Defendant was sentenced to 210 months in prison on the drug trafficking convictions, a consecutive sentence of sixty months imprisonment on

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _11-17-05_

294

the first § 924(c) conviction, and a consecutive sentence of twenty years imprisonment on the second § 924(c) conviction. The Sixth Circuit affirmed his conviction and sentence. United States v. Armstrong, No. 92-6601, 1994 WL 180295 at *19 (6th Cir. May 10, 1994).

On December 4, 1996, Armstrong filed his first § 2255 motion, which he voluntarily dismissed. United States v. Armstrong, No. 96-3261-H (W.D. Tenn. Mar. 20, 1997). On November 21, 1997, defendant filed a second § 2255 motion. Pursuant to a negotiated agreement with the Government, the two § 924(c) convictions and sentences were vacated under the holding of United States v. Bailey, 516 U.S. 137 (1995), and all other claims presented in the motion were dismissed. The sentence of 210 months on the drug trafficking convictions remained unchanged. The Court denied a certificate of appealability. United States v. Armstrong, No. 97-3074-D (W.D. Tenn. Nov. 24, 1998). Armstrong filed an untimely notice of appeal. The Sixth Circuit denied a certificate of appealability. United States v. Armstrong, (6th Cir. Mar. 28, 2001).

On March 5, 2001, Armstrong filed a motion under 18 U.S.C. § 3582(c) contending that he was entitled to application of Amendment 591 to the United States Sentencing Guidelines ("USSG"), promulgated in November 1, 2000, to reduce his sentence. The Court denied the motion on March 20, 2002.

2

Armstrong contends that he is entitled be resentenced based upon the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). Armstrong has chosen not to seek permission to file a successive motion to vacate, apparently recognizing that new rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989). Blakely has not been "made retroactively applicable to cases on collateral review" and provides Armstrong with no basis for collateral relief.

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Armstrong contends, however, that the Court's jurisdiction to grant this motion arises under 18 U.S.C. § 3742(a)(2). Eighteen U.S.C. § 3582(b)(3) provides as follows:

> Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> . . . .
>
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

Section 3742 establishes the procedure for appellate review of a criminal judgment and allows a court to modify a sentence on remand from an appellate court. Defendant's conviction is not on remand to this court. Nothing in this provision authorizes a district

3

court to modify a defendant's sentence on the basis of an intervening decision of the Supreme Court.

Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

> The Court may not modify a term of imprisonment once it has been imposed except that—
>
>   (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
>   (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of

4

Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) is applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35 nor any federal statute authorizes the Court to modify Armstrong's sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2).

For all the foregoing reasons, defendant's motion for modification of his sentence pursuant to 18 U.S.C. § 3582 is DENIED.

As no reasonable jurist could disagree that this court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 16th day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 294 in case 2:90-CR-20083 was distributed by fax, mail, or direct printing on November 17, 2005 to the parties listed.

---

Bruce I. Griffey
THE HARDISON LAW FIRM- Memphis
119 S. Main St.
Ste. 300
Memphis, TN 38103

Frederick H. Godwin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT